IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ECOLAB, INC.,** | ) | **CASE NO. 8:97CV304** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **FINAL JUDGMENT** |
| | ) | |
| **PARACLIPSE, INC., d/b/a Paraclipse Automated Insect Control Division,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the parties' Joint Stipulation for Entry of Final Judgment (Filing No. 425). Ecolab Inc. ("Ecolab") and Paraclipse, Inc. ("Paraclipse") having agreed to the entry of this Final Judgment, the Court hereby finds, orders, adjudges, and decrees that:

**Findings of Fact**

1. This Court has jurisdiction over the parties to this action and over the subject matter of the pleadings. Venue is also proper in this forum.

2. Ecolab is a Delaware Corporation having its principal place of business at Ecolab Center, St. Paul, Minnesota 55102. Ecolab is engaged in the business of manufacturing, distributing, and selling a wide variety of cleaning and sanitizing products and services including pest elimination products and services to a wide variety of customers including hotels, restaurants, health care facilities, food and beverage processing plants, and others.

3. Defendant Paraclipse is a Nebraska corporation having a principal place of business at 2271 - 29th Avenue East, Columbus, Nebraska 68601. Paraclipse is engaged,

*inter alia*, in the business of selling pest elimination products including flying insect control equipment in interstate commerce.

4.  On November 22, 1994, United States Patent No. 5,365,690 (hereinafter "the '690 patent") entitled FLYING INSECT TRAP USING REFLECTED AND RADIATED LIGHT was duly and legally issued to Ecolab; and since that date Ecolab has been, and still is, the owner of this patent. A copy of the '690 patent is found as Exhibit 1, attached to Filing No. 425.

5.  On March 3, 1998, Reexamination Certificate B1 5,365,690 was duly and legally issued, confirming the patentability of claims 1-5, 7-10, 13-19, and 21-24. New claims 25-26 were added to the '690 patent. A copy of Reexamination Certificate B1 5,365,690 is found as Exhibit 2, attached to Filing No. 425.  The Reexamination Certificate is hereinafter included in all references to the '690 patent.

6.  On June 20, 1997, Ecolab filed a Complaint in the United States District Court, District of Nebraska, Civil Action No. 8:97CV304, against Paraclipse for infringement of the '690 patent by Paraclipse's Insect Inn IV product.

7.  On September 15, 2008, Paraclipse filed a Motion for Summary Judgment of Invalidity of claim 16 of the '690 patent.  (Filing No. 407)

8.  Any Finding of Fact that is deemed to be a Conclusion of Law is hereby adopted as such.

## Conclusions of Law

9.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Ecolab and Paraclipse, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

11. Claims 16 and 18 of the '690 patent are valid and enforceable.

12. The invention of the '690 patent is a pioneering invention.

13. Paraclipse stipulates and agrees to be enjoined from selling the Insect Inn IV product.

14. Ecolab stipulates and agrees that Paraclipse is allowed to make, use, sell, and offer to sell replacement parts for the Insect Inn IV product.

15. Ecolab stipulates and agrees that Paraclipse is allowed to make, use, sell, and offer to sell Paraclipse's Insect Inn Ultra, Fly Patrol, and Terminator products, provided they are sold in a form identical to that depicted in Exhibit 3, found as an attachment to Filing No. 425 (although not shown in Exhibit 3, the stainless steel, plastic, and wall mount versions of the Terminator product are also included).

16. This Judgment shall finally conclude and dispose of this litigation between Ecolab and Paraclipse, and they shall be entitled to issue preclusion, claim preclusion, res judicata, and collateral estoppel effect in future litigation or Patent Office proceedings relating to the '690 patent.

17. Any Conclusion of Law that is deemed to be a Finding of Fact is hereby adopted as such.

THEREFORE, IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED:

A. The Joint Stipulation for Entry of Final Judgment (Filing No. 425) is approved and the relief requested is granted;

B.  Paraclipse, including its officers and directors, agents, servants, employees, attorneys, assignees, and all persons controlling or in active concert or participation with, through, or under Paraclipse are hereby enjoined from making, using, selling, and/or offering to sell the Insect Inn IV insect light traps;

C.  Paraclipse, including its officers and directors, agents, servants, employees, attorneys, assignees, and all persons controlling or in active concert or participation with, through, or under Paraclipse are allowed to make, use, sell, and/or offer to sell replacement parts for the Insect Inn IV insect light traps;

D.  Paraclipse, including its officers and directors, agents, servants, employees, attorneys, assignees, and all persons controlling or in active concert or participation with, through, or under Paraclipse are allowed to make, use, sell, and offer to sell Paraclipse's Insect Inn Ultra, Fly Patrol, and Terminator products, provided they are sold in a form identical to that depicted in Exhibit 3, found as an attachment to Filing No. 425 (although not shown in Exhibit 3, the stainless steel, plastic, and wall mount versions of the Terminator product are also included);

E.  To the extent that anything in this Final Judgment is inconsistent with the Settlement Agreement entered into between the parties, the Settlement Agreement between the parties shall govern;

F.  This Judgment shall finally conclude and dispose of all claims and counterclaims between Ecolab and Paraclipse with prejudice;

G.  The respective parties hereto shall pay their own costs, disbursements, and attorneys' fees;

      H.      Final judgment shall be entered pursuant hereto, forthwith, without further notice;

      I.      Defendant's Motion for Summary Judgment (Filing No. 407) is denied as moot; and

      J.      The Clerk is directed to enter this final judgment forthwith.

DATED this 26th day of November, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge